# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ILLINOIS RESTAURANT ASSOCIATION )
and A.N.A.C, d/b/a ALLEN'S NEW )
AMERICAN CAFÉ, )
    Plaintiffs, )
)      06 C 7014
)
CITY OF CHICAGO, )
    Defendant. )

## MEMORANDUM AND ORDER

Beef Wellington, Tournedos Rossini, and Suprêmes de Volaille Strasbourgeoise: classic French cuisine or dishes desired only by unenlightened members of society? This question has special significance in Chicago because all of these dishes contain foie gras (the fattened livers of duck and geese), and the Chicago City Council recently enacted an ordinance banning the sale of foie gras at food dispensing establishments in the City. The Illinois Restaurant Association and Allen's New American Café sued the City in state court, claiming that the foie gras ordinance exceeded the City's home rule powers under the Illinois Constitution. The City removed this action after the plaintiffs amended their complaint to add a commerce clause claim arising under the United States Constitution. At this point, the Farm Sanctuary, the Humane Society of the United States, Heartland Café, Bistro Campagne, Jana Kohl, and Jennifer Martin seek leave to intervene permissively under Fed. R. Civ. P. 24(b). For the following reasons, their motion is denied.

*Discussion*

The proposed intervenors are two non-profit organizations that actively supported passage of the foie gras ordinance and spent significant resources doing so (the Farm Sanctuary and the

Humane Society of the United States), two Chicago restaurants with alleged economic interests in enforcing the ordinance (Heartland Café and Bistro Campagne), and two Chicago residents who contend that their recreational and aesthetic interests in enjoying dining experiences in Chicago would be harmed if the ordinance were invalidated (Jana Kohl and Jennifer Martin). The proposed intervenors contend that they have a unique perspective on the issues presented by this case based on their history of advocacy and specialized knowledge regarding foie gras, and are willing to devote substantial resources to assist the City in defending the ordinance.

"Permissive intervention under Rule 24(b) is wholly discretionary." *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). Thus, the court may allow intervention when the application is timely, "the applicant's claim or defense and the main action have a question of law or fact in common" and intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). When evaluating a petition for permissive intervention, the court may also consider: (1) the nature and extent of the intervenors' interest, (2) whether the intervenors' interests are adequately represented by the other parties, and (3) "whether the intervenors would significantly contribute to the underlying factual issues in the action and legal questions presented." *Riverstone Group, Inc. v. Big Island River Conservancy Dist.*, No. CIV.A. 05-4020, 2005 WL 2001154, at *5 (C.D. Ill. Aug. 11, 2005).

Here, the proposed intervenors' interests are identical to the City's, as the City and the proposed intervenors all want the ordinance to be upheld. Moreover, it is undisputed that the application for permission to intervene is timely. Thus, the court will focus on whether adding

the proposed intervenors into this action will be helpful in resolving this case or, instead, will merely serve as a distraction and unfairly prejudice the plaintiffs.

The court begins its analysis with the fact that the intervenors' interests exactly parallel the City's and the City has never contended that it cannot adequately represent itself. The court thus must ask if the addition of the proposed intervenors would significantly contribute to the resolution of the factual and legal issues in this case. Careful study of the proposed intervenors' filings shows only that they are eager to help defend the ordinance and strongly believe that it is morally justified. However, "the more the merrier" is not a guiding principle for intervention as there is no point in adding additional parties if they provide no benefit above and beyond the parties who are already litigating a case. In this vein, the City's desire to marshal additional parties to file briefs supporting its desired result is irrelevant to whether intervention is proper. *See Wade v. Goldschmidt*, 673 F.2d 182, 184, n. 3 (7th Cir. 1982) ("consent of a party does not entitle one to . . . permissive intervention").

The court thus must ask whether the proposed intervenors will make a significant contribution to this case. They say "yes," contending that they have a specialized ability to "demonstrate the validity of progressive legislation that embodies evolving attitudes about the proper treatment of animals, including animals raised for food." Motion at 14. The plaintiffs, however, expressly state that they "have no intention of litigating in this case Chicago's conclusion that the out-of-state method of production of foie gras is unkind to ducks and geese." Response at 1 n.1. This narrow view of the issues presented in this case is correct, as the court's task is not to act as a moral arbiter, judge the wisdom of the ordinance, or make determinations regarding animal welfare. *See National Paint & Coatings Ass'n v. City of Chicago*, 45 F.3d

1124, 1130 (7th Cir. 1995). Instead, it must determine if the ordinance is a proper use of the City's home rule powers under the Illinois Constitution and comports with the commerce clause in the United States Constitution.

It is thus unclear how the proposed intervenors, all of whom support the foie gras ban because they are proponents of animal rights, will provide meaningful help in determining if the ordinance is constitutional. In fact, the only foreseeable consequence of adding the proposed intervenors into this action is to interject topics which are not germane to the constitutional issues before the court. This will not help matters, and will also prejudice the plaintiffs by forcing them to devote portions of their briefs – which are subject to page limitations – to respond to all of the contentions on the table. This problem could be solved by authorizing the plaintiffs to file oversized briefs, but this will only result in enlarging the number of pages spent discussing non-constitutional issues.

In sum, the court appreciates the proposed intervenors' desire to defend the foie gras ordinance and their willingness to expend time and resources to do so. Nevertheless, their interests exactly mirror those of the City and there has been no showing that their interests will not be adequately represented by the City. Moreover, granting the motion for permissive intervention will not aid the court in adjudicating the legal questions at issue because this case is about whether the City's enactment of the foie gras ordinance is constitutional, not whether the production of foie gras is humane. It thus follows that delay and distraction is the only likely effect of allowing intervention. Accordingly, after carefully considering all of the parties' arguments, the court exercises its discretion and denies the motion for permissive intervention.

*Conclusion*

For the above reasons, the motion for leave to intervene permissively filed by proposed intervenors Farm Sanctuary, the Humane Society of the United States, Heartland Café, Bistro Campagne, Jana Kohl, and Jennifer Martin [#13] is denied.

DATE: February 12, 2007

_____
Blanche M. Manning
United States District Judge